**Mahmood SHAHID, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

No. 04–60778.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 6, 2005.

---

Burhan D Nomani, Burhan Namonai & Associates, Houston, TX, for Petitioner.

Thomas Ward Hussey, Director, U.S. Department of Justice, Office of Immigra-

tion Litigation, Washington, DC, Stephen David Booker, U.S. Department of Justice, Dallas, TX, Caryl G. Thompson, U.S. Immigration & Naturalization Service, District Directors Office, New Orleans, LA, Sharon A. Hudson, U.S. Citizenship & Immigration Services, Houston, TX, for Respondent.

Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, pro se.

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

■ Mahmood Shahid petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). This court lacks jurisdiction to consider the denial of Shahid's application for asylum because the BIA denied the application as untimely. 8 U.S.C. § 1158(a)(3).

■ Regarding the withholding of removal, Shahid conclusionally argues that he has a reasonable fear of future persecution, but he does not specify on what statutorily protected ground he would be persecuted, nor does challenge the Immigration Judge's finding that he holds no political opinion and is not a member of any particular social group. He has thus abandoned any challenge to those findings. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). His claim for withholding of removal fails because, even if it is assumed that

---

the evidence established a likelihood of future persecution, such persecution must be based on one of the enumerated grounds. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir.2002); 8 C.F.R. § 208.16(b)(1). His claim for relief under the CAT similarly fails because there is no evidence that he would be subjected to any government-sponsored torture if returned to Pakistan. *See Bah v. Ashcroft*, 341 F.3d 348, 352 (5th Cir.2003); 8 C.F.R. § 1208.18(a)(1).

The petition for review is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.